IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-71,143-01






EX PARTE IRINEO RANGEL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W04-52635-Q IN THE 204TH DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of intoxication
assault and sentenced to 10 years' imprisonment. The Fifth Court of Appeals dismissed his appeal
because the notice of appeal was untimely filed. See Rangel v. State, No. 05-07-00994-CR (Tex.
App.- Dallas, 2007, no pet.) (not designated for publication). 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file a notice of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall provide counsel with the opportunity to respond to Applicant's
claim of ineffective assistance of counsel on appeal. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order counsel to file an affidavit addressing
whether counsel knew that Applicant desired to appeal and, if so, why counsel failed to file a timely
notice of appeal. In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to a
meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. Specifically,
the trial judge shall make findings as to whether Applicant told counsel he desired to appeal and, if
so, why counsel failed to file a timely notice of appeal. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: January 14, 2009

Do not publish